# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0495
Lower Tribunal No. 2022-CF-006298-O

_____

STATE OF FLORIDA,

Appellant,

v.

DERRICK DANYON SMITH,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Robert J. Egan, Judge.

July 10, 2026

WHITE, J.

The State of Florida appeals the dismissal of the Information charging Derrick Danyon Smith with trafficking in 10 grams or more of substituted cathinones. We have jurisdiction. § 924.07(1)(a), Fla. Stat. (2024); Fla. R. App. P. 9.140(c)(1)(A). Because the trial court erred by dismissing the Information based on its legal conclusion that cyputylone is not a substituted cathinone, as described in section 893.03(1)(c)191., Florida Statutes (2021), we reverse.

## Background

In the Information, the State alleged that Smith, around June 2022, was trafficking in 10 grams or more of substituted cathinones, or a mixture containing substituted cathinones. The State contended that the substance—cyputylone—was a substituted cathinone.

Smith filed a motion to dismiss, which the trial court set for an evidentiary hearing. Each party called an expert witness. The experts agreed that, although cyputylone was not listed by its common name or its chemical name[1] as a controlled substance in the Florida Statutes, cyputylone was a compound described in section 893.03(1)(c)191.a. They also agreed that it was further modified with substitution with a cycloalkyl group.

However, Smith's expert concluded that a cycloalkyl group was not the same as an alkyl group and, therefore, cyputylone was not a substituted cathinone under section 893.03(1)(c)191.(III). The State's expert disagreed because he determined that a cycloalkyl group fell under the definition of an alkyl group.

Smith argued that the rule of lenity required dismissal because there was a reasonable interpretation of alkyl group that did not include further modification with a cycloalkyl group and, therefore, cyputylone was not a substituted cathinone. The State argued that, under the plain language of the statute, cyputylone was a

---

[1] 3, 4-methylenedioxy-alpha-cyclohexylaminopropiophenone.

substituted cathinone because it was a section 893.03(1)(c)191.a. compound, whether or not it was further modified, with or without any substitution described in section 893.03(1)(c)191.(III).

The trial court granted Smith's motion to dismiss. It found that cyputylone was a compound described in section 893.03(1)(c)191.a., and was further modified with substitution with a cycloalkyl group. The trial court rejected the State's argument that, under the plain language of the statute, the further modification was unimportant. Because it found each expert's testimony to be equally credible, the trial court concluded that there were two reasonable interpretations of alkyl group in section 893.03(1)(c)191.(III), one of which favored Smith. Therefore, it applied the rule of lenity, found that cyputylone was not a substituted cathinone, and dismissed the Information.

The State timely appealed.

**Analysis**

"Where a motion to dismiss under Florida Rule of Criminal Procedure 3.190 turns on a question of law, the standard of review is de novo." *State v. Sampaio*, 291 So. 3d 120, 123 (Fla. 4th DCA 2020) (citing *State v. Hinkle*, 970 So. 2d 433, 434 (Fla. 4th DCA 2007)); *see also State v. Den Besten*, 374 So. 3d 874, 876 (Fla. 6th DCA 2023) (applying de novo review to motion to dismiss where factual matters

3

were undisputed).  Likewise, issues of statutory interpretation are reviewed de novo. *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022).

"In interpreting [a] statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)).  The ultimate goal is to reach "a 'fair reading' of the text by 'determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.'" *Id.* at 947 (quoting Scalia & Garner, *supra*, at 33).  We err if we decide what a disputed term or phrase means in isolation without considering context and utilizing appropriate interpretive canons. *See Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022).  "Under the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 324 (Fla. 2022) (quoting Scalia & Garner, *supra*, at 167).  Absent a definition in the statute or controlling case law, an appropriate dictionary may be consulted to help ascertain the statutory term's meaning. *See Conage*, 346 So. 3d at 599.  Those precepts shall be our polestars as we turn to the task at hand.

The State argues that the trial court erred by dismissing the Information because cyputylone is a substituted cathinone under the plain language of the statute. We agree.

Section 893.03(1)(c)191. provides, in pertinent part:

191. Substituted Cathinones.--Unless specifically excepted, listed in another schedule, or contained within a pharmaceutical product approved by the United States Food and Drug Administration, any material, compound, mixture, or preparation, including its salts, isomers, esters, or ethers, and salts of isomers, esters, or ethers, whenever the existence of such salts is possible within any of the following specific chemical designations:

a. Any compound containing a 2-amino-1-phenyl-1-propanone structure;

b. Any compound containing a 2-amino-1-naphthyl-1-propanone structure; or

c. Any compound containing a 2-amino-1-thiophenyl-1-propanone structure,

**whether or not the compound is further modified**:

(I) With or without substitution on the ring system to any extent with alkyl, alkylthio, thio, fused alkylenedioxy, alkoxy, haloalkyl, hydroxyl, nitro, fused furan, fused benzofuran, fused dihydrofuran, fused tetrahydropyran, fused alkyl ring, or halide substituents;

(II) With or without substitution at the 3-propanone position with an alkyl substituent or removal of the methyl group at the 3-propanone position;

(III) **With or without substitution** at the 2-amino nitrogen atom **with alkyl**, dialkyl, acetyl, or benzyl groups, whether or not further substituted in the ring system; or

5

(IV) With or without inclusion of the 2-amino nitrogen atom in a cyclic structure, including, but not limited to:

. . . .

§ 893.03(1)(c)191., Fla. Stat. (2021) (emphasis added). Here, it is undisputed that cyputylone is a compound described in section 893.03(1)(c)191.a., i.e., it is a "compound containing a 2-amino-1-phenyl-1-propanone structure." The parties' dispute revolves primarily around the meaning of the statutory text emphasized above.

Neither party points us to any Florida case or statute defining the phrase "whether or not," and we have not discovered any such authority. The State directs our attention to a dictionary stating that the phrase is "used for saying that it is not important which of two possibilities is true." *Whether or not*, *Cambridge Dictionary*, available at https://dictionary.cambridge.org/us/dictionary/english/ whether-or-not (last visited May 22, 2026). A different dictionary has a similar definition: "without being stopped or affected by something specified." *Whether or not*, *Merriam-Webster Dictionary*, available at https://www.merriam-webster.com/ dictionary/whether%20or%20not (last visited May 22, 2026).

A well-respected author has observed that "the words *or not* are usually superfluous, since *whether* implies *or not*. . . . The only context in which *or not* necessarily appears occurs when *whether or not* means 'regardless of whether' <the

6

meeting will go on whether or not it rains>." Bryan A. Garner, *Garner's Dictionary*

*of Legal Usage* 942 (3d ed. 2011).

> "It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *Hechtman v. Nations Title Ins. of New York*, 840 So. 2d 993, 996 (Fla. 2003); *see also Johnson v. Feder*, 485 So. 2d 409, 411 (Fla. 1986) ("Statutory interpretations that render statutory provisions superfluous are, and should be, disfavored." (internal quotation marks omitted)).

*State v. Herard*, 419 So. 3d 258, 264 (Fla. 6th DCA 2025).

Considering the entire statute in context, we conclude that "or not" is not superfluous but rather conveys that "whether or not" is synonymous with "regardless[2] of whether." We also conclude that the dictionary definitions quoted *supra* correctly define "whether or not." Simply put, the fact that cyputylone is a compound described in section 893.03(1)(c)191.a. is dispositive—the further modification, present here, is irrelevant. Therefore, cyputylone is a substituted cathinone.

Smith argues that if the State's interpretation of "whether or not" is correct, then the provisions of (I) through (IV) immediately following that phrase are

---

[2] "[D]espite; not being affected by something." *Regardless*, *Cambridge Dictionary*, available at https://dictionary.cambridge.org/us/dictionary/english/regardless (last visited May 22, 2026).

"pointless."  Therefore, he concludes that, unless all modifications to the compound are enumerated in those provisions, it is not a substituted cathinone.

But Smith's interpretation overlooks the clear language included in the statute, which forecloses his argument.  In the first place, Smith's interpretation runs afoul of other statutory language that establishes extremely broad inclusion.  *See* § 893.03(1)(c)191.a.–c., Fla. Stat. ("*[A]ny*[3] [substance] within *any* of the following . . . *[a]ny* compound containing [first described chemical] structure . . . *[a]ny* compound containing [second described chemical] structure . . . or . . . *[a]ny* compound containing [third described chemical] structure, whether or not the compound is further modified:" (emphasis added)); § 893.03(1)(c)191.(I)–(IV), Fla. Stat. ("*With or without*[4] [first described substitution] . . . *[w]ith or without* [second described substitution] . . . *[w]ith or without* [third described substitution] . . . or . .

---

[3] The Florida Supreme Court has stated that "[t]he word 'any' is defined as 'one, no matter what one: every' or 'all.'" *McNeil v. State*, 215 So. 3d 55, 59 (Fla. 2017) (quoting *Webster's Third New Int'l Dictionary* 97 (1993)).

[4] "With" means "having or including something." *With*, *Cambridge Dictionary*, available at https://dictionary.cambridge.org/us/dictionary/english/with (last visited May 22, 2026). "Without" means "not having or doing something, or lacking something." *Without*, *Cambridge Dictionary*, available at https://dictionary.cambridge.org/us/dictionary/english/without (last visited May 22, 2026). The Florida Supreme Court has noted that "the word 'or' is generally construed in the disjunctive when used in a statute or rule. The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended." *Sparkman v. State*, 498 So. 2d 892, 895 (Fla. 1986) (citation omitted).

*. [w]ith or without* [described inclusion], *including, but not limited to:*[5] [list of common and chemical names]." (emphasis added)). In fact, it is exclusion (not inclusion) that requires specificity. *See* § 893.03(1)(c)191., Fla. Stat. ("Unless specifically excepted, listed in another schedule, or contained within a pharmaceutical product approved by the United States Food and Drug Administration . . . .").

Next, Smith devotes several pages of briefing arguing about the term "alkyl" in 893.03(1)(c)191.(III). He deploys several interpretive canons to try to persuade us that "alkyl" is different than "cycloalkyl," a term not in 893.03(1)(c)191.(III). Smith further argues that, because cyputylone is an 893.03(1)(c)191.a. compound that is further modified with substitution with a cycloalkyl group, it is not further modified with substitution with an alkyl group. As a result, he contends, cyputylone is outside the scope of 893.03(1)(c)191.(III) and, therefore, not a substituted cathinone.

Again, Smith overlooks the statutory language, which makes clear that it does not matter, for our purposes here, whether "alkyl" is different than "cycloalkyl."[6] If they are the same, then the compound is further modified "[w]ith . . . substitution . .

---

[5] "Th[is] cautious phrase[] [is] intended to defeat the negative-implication canon." Scalia & Garner, *supra*, at 132–33 ("Presumption of Nonexclusive 'Include'").

[6] For this reason, we do not need to decide whether the trial court erred when it applied the rule of lenity to find that "alkyl" is different than "cycloalkyl."

. with [an] alkyl . . . group[].” § 893.03(1)(c)191.(III), Fla. Stat. If "alkyl" and "cycloalkyl" are different, then the compound is further modified "without substitution . . . with [an] alkyl . . . group[]." *Id.* Either way, cyputylone is an 893.03(1)(c)191.a. compound that is further modified "[w]ith or without"[7] substitution as described in 893.03(1)(c)191.(III), which makes it a substituted cathinone.

## Conclusion

At bottom, Smith asks us to disregard the phrases "whether or not" and "with or without," and other expansive terms in section 893.03(1)(c)191. We must refuse. Instead, we will maintain our fidelity to the statutory language and fundamental principles of interpretation.

Therefore, we conclude that the trial court erred when it found that cyputylone was not a substituted cathinone, granted Smith's motion to dismiss, and dismissed the Information. We reverse the trial court's order on appeal and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED with instructions.

BROWNLEE and GANNAM, JJ., concur.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellant.

---

[7] *See supra* note 4. Smith offers no definition of the phrase "with or without," or any of its components.

Blair Allen, Public Defender, and Stephania A. Valantasis, Assistant Public Defender, Bartow, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED